NO. 07-04-0335-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 8, 2005

_____

CHAKA L. PRATT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-430302; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Chaka L. Pratt appeals a judgment revoking her community supervision probation and sentence for burglary of a habitation.  We agree with appointed counsel's conclusion that the record fails to show any meritorious issue which would support the appeal, and affirm the trial court's judgment.

Subject to a plea bargain agreement, appellant pled guilty to the offense of burglary of a habitation on February 9, 2000. The trial court accepted this plea and, in accordance with the plea agreement, sentenced appellant to seven years incarceration probated for seven years. The State subsequently filed a motion to revoke appellant's community supervision alleging that appellant had violated ten of the terms and conditions of her probation. At the revocation hearing, appellant pled not true to the allegation that she violated her probation by committing the criminal offense of escape, but pled true to the nine remaining violations. At the conclusion of the hearing, the trial court found appellant had violated conditions of her community supervision and entered a judgment revoking her probation. The court ordered appellant serve the seven year sentence imposed upon her conviction. Appellant timely filed notice of appeal and the trial court appointed appellate counsel.

Counsel for appellant has filed a motion to withdraw and a brief in support pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which she certifies that she has searched the record and, in her professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel has discussed why, under the controlling authorities, there are no arguably reversible errors in the trial court proceeding or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has certified that a copy of the Anders brief and motion to withdraw have been served on appellant, and that counsel has appropriately advised appellant of her right

2

to review the record and file a *pro se* response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this court also notified appellant of her opportunity to submit a response to the Anders brief and motion to withdraw filed by her counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on a motion to withdraw until we have independently examined the record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

In her brief, counsel identifies legal sufficiency of the evidence to support the trial court's determination that appellant violated the terms and conditions of her community supervision as the sole potential issue on appeal. She then details the evidence presented by the State, concluding it was sufficient. Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof. Cardona, 665 S.W.2d at 493-94. In a revocation proceeding, the burden on the State is to prove, by a preponderance of the evidence, that appellant violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). When the State's motion alleges more than one violation, proof of any one violation will support revocation. Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App.1979). A defendant's plea of true to an

3

alleged violation, standing alone, is sufficient to support the revocation.  Id.  Appellant pled that nine of the ten violations alleged in the State's motion to revoke were true.

Our review of counsel's brief and the record convinces us that appellate counsel conducted a thorough review of the record.  We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.  We agree with counsel that there are no meritorious grounds for review.

Accordingly, counsel's motion to withdraw is granted and we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.